## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARNELL ROBINSON** | : | |
| **1321 5TH St., Apt. 203 N.W.** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Case No.: _____** |
| | : | |
| **DISTRICT OF COLUMBIA GOVERNMENT** | : | |
| **(A Municipal Corporation)** | : | |
| | : | |
| **Serve:** | : | |
| **Honorable Anthony Williams, Mayor** | : | |
| **c/o Tabitha Braxton, Staff Assistant, or** | : | |
| **Gladys Herring, Executive Assistant** | : | |
| **1350 Pennsylvania Avenue N.W.** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |
| **Serve:** | : | |
| **Office of the Attorney General** | : | |
| **c/o   Darlene Fields, Secretary, or** | : | |
| **Tonia Robinson, Legal Assistant, or** | : | |
| **Gale Rivers, Secretary** | : | |
| **444 4th Street N.W. 6th Floor South** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |
| **and** | : | |
| | : | |
| **OFFICER EARL BROWN** | : | |
| **Individually and in his official capacity** | : | |
| **Third District** | : | |
| **1620 V. Street., NW** | : | |
| **Washington, D.C. 20009** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE OFFICER 1** | : | |
| **Individually and in his official capacity** | : | |
| **Third District** | : | |
| **1620 V. Street., NW** | : | |
| **Washington, D.C. 20009** | : | |
| | : | |
| **and** | : | |

**JOHN DOE OFFICER 2**                    :
**Individually and in his official capacity**     :
**Third District**                            :
**1620 V. Street., NW**                    :
**Washington, D.C. 20009**             :
                                        :
        **Defendants.**                 :

## COMPLAINT FOR DAMAGES & EQUITABLE RELIEF

COMES NOW plaintiff, Arnell Robinson, by and through counsel, DUBOFF & ASSOCIATES, CHARTERED and Donna Williams Rucker, Esquire and brings suit against the District of Columbia Government [hereinafter "District"], Officer Earl Evan [hereinafter "Brown"] individually as well as in his official capacity, John Doe Officer 1, individually and in his official capacity, John Doe Officer 2, individually and in his official capacity, and for cause states as follows:

## JURISDICTION & VENUE

1.      The jurisdiction of this Court in invoked pursuant to 42 U.S.C. §1983, 2000 (3) et seq., and the Fourth, Fourteenth and Fifth Amendments of the United States Constitution, as defendants acted to violate plaintiff's Constitutional rights under color of law.  The State claims are proper under the theory of Supplemental Jurisdiction. Venue is proper as the events described herein occurred in the District of Columbia.

2.      Plaintiff, Arnell Robinson, is a resident of the District of Columbia.

3.      At all dates and times relative hereto defendant Brown was employed by the Metropolitan Police Department and the District of Columbia Government as a police officer and was assigned to the Third District.

4.      At all dates and times relative hereto defendant john Doe Officer 1 and John Doe Officer 2 were employed by the Metropolitan Police Department and the District of Columbia

Government as police officers.

5.     Timely written notice of this claim was provided to the Defendant District of Columbia as required by Section §12-309 of the D.C. Code.

## FACTS

6.     Plaintiff incorporates by reference hereto the preceding paragraphs, as if fully set forth herein and further alleges:

7.     On, or about, October 4th, 2006, the plaintiff was walking home from school and was proceeding on the 400 Block of O Street NW in Washington DC between 5th Street and 4th or 6th Street.

8.     Plaintiff observed a marked Metropolitan Police approach the intersection near where he was walking.

9.     The Officer, later identified as Defendant Brown, stopped his police cruiser and exited the vehicle and began to verbally harass the Plaintiff.

10.     Defendant Brown then forcefully grabbed the Plaintiff's right arm twisted it behind the Plaintiff, threw the Plaintiff, face first, into an iron fence and then Officer Brown slammed his arm across the Plaintiff's neck.

11.     Plaintiff had been shot, by accident, in the face/neck in July of 2006 and the bullet was left inside his body.

12.     Other individuals on the scene informed the Defendant Brown that the Plaintiff had been shot before and had the bullet still in his neck and to let him go because he could hurt the Plaintiff.

13.     Defendant Brown did not remove his arm from Plaintiff's neck and responded by stating "I don't give a fuck he is going to jail".

14.    Plaintiff was stopped without reasonable suspicion.

15.    Plaintiff was placed under arrest without probable cause.

16.    The injury Plaintiff suffered in July of 2006 affected his ability to hear in his right ear.

17.    Based on the injury Plaintiff suffered in July of 2006 Plaintiff is also not able to yell, scream, or speak in a loud voice.

18.    Plaintiff, handcuffed, placed in a police cruise and transported to a Metropolitan Police facility where he repeatedly complained of pain.

19.    After a substantial delay, Plaintiff was transported to Children's National Medical Center.

20.    Children's National Medical Center treated Plaintiff for pain to his neck and ribs and complaints of ringing in Plaintiff's ears.

21.    Children's National Medical Center noted that Plaintiff had "rt neck/back contusion".

22.    Defendant Brown carried out his actions against plaintiff with malice and his conduct was intentional and egregious and caused plaintiff severe emotional distress, embarrassment and humiliation, and severe and permanent injuries.

23.    Plaintiff did not cause or contribute to cause any harm or injury that he sustained.

24.    Plaintiff sustained injuries as a direct and proximate result of Defendant's actions, without him contributing in any way thereto.

## <u>COUNT I</u>
### (Constitutional Violations-4[th], 5th, and 14th Amendments)

25.    Plaintiff hereby incorporates, by reference herein, the preceding paragraphs as if fully set forth herein, and further alleges:

4

26.     Plaintiff had Constitutionally protected interests that were violated, a right to Due Process and the right to be free from the unreasonable searches and seizure by Defendants.

27.     Defendant Brown and the other named defendants violated plaintiff's rights and deprived plaintiff of other privileges and immunities guaranteed by the United State's Constitution, including the rights afforded by the 4th, 5th, and 14th Amendments.  Defendant Brown and other John Doe defendants were uniform members of the Metropolitan Police Department for the District of Columbia, and in the course and scope of their employment, while acting under the color of law, unlawfully detained and falsely arrested plaintiff without probable cause or reasonable suspicion, and falsely imprisoned plaintiff without cause.

28.     Defendants also used excessive force toward Plaintiff.

29.     Plaintiff is entitled to recover, pursuant to 42 U.S.C. § 1983, for the Constitutional violations committed when he was unlawfully seized, searched, arrested and imprisoned.

30.     Defendants carried out their actions with malice and said conduct was intentional and egregious and caused plaintiff to endure pain, suffering, humiliation, embarrassment and severe emotional anguish, now and in the future.

31.     As the employer of defendant Brown and the other named John Doe Defendants, the Defendant District is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior.*

WHEREFORE**,** based on the foregoing, plaintiff, Arnell Robinson, demands judgment against all defendants as follows:

a.     Compensatory damages in the amount of **ONE HUNDRED TWENTY FOUR THOUSAND ($124,000.00)** from each defendant, jointly and severally;

b.      punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)** from the defendant Mills and all named John Doe Defendants;

c.      and costs, pre and post-judgment interest and attorney's fees.

d.      Such other and further relief as deemed just and appropriate.

## COUNT II
### (False Arrest & Imprisonment)

32.     Plaintiff hereby incorporates, by reference herein, the preceding paragraphs as if fully set forth herein, and further alleges:

33.     Defendant Brown arrested plaintiff without probable cause, he detained plaintiff, and imprisoned plaintiff, searched him and violated his Constitutional Rights.

34.     Due to a previous injury Plaintiff is unable to hear fully out of his right ear.

35.     Due to a previous injury Plaintiff is unable to speak loudly and is therefore unable to be loud or boisterous.

36.     Plaintiff was arrested placed in handcuffs, put in the rear of defendant Brown's official police cruiser and transported to a Metropolitan Police Facility.

37.     As the employer of defendant Brown and the other named John Doe Defendants, the Defendant District is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior.*

WHEREFORE, based on the foregoing plaintiff demands judgment against all the defendants, jointly and severally as follows:

a.      Compensatory damages in the amount of **ONE HUNDRED TWENTY FOUR THOUSAND ($124,000.00);**

b.      punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)** as to defendant Brown;

c.      and, costs, pre and post-judgment interest and attorney's fees;

d.      such other and further relief as deemed just and appropriate.

## COUNT III
### (Assault & Battery)

38.     Plaintiff hereby adopts, by reference hereto, the preceding paragraphs as if full set forth herein, and further alleges:

39.     Defendant Brown both assaulted and battered the plaintiff when he without Plaintiff's knowledge or consent grabbed Plaintiff's arm and twisted it with force behind the Plaintiff, handcuffed him, and then pushed him face first into an iron fence and he slammed his arm across Plaintiff's neck.

40.     The force used by defendant Mills was sufficient to cause plaintiff to incur significant physical injury for which he was treated at Children's National Medical Center.

41.     Defendant Brown' actions were intentional, excessive, unwarranted and caused plaintiff to suffer physical injury, some of which are permanent in nature, as a direct result of Defendants actions.

42.     Plaintiff did not cause or contribute to cause any injury or harm he received.

43.     As the employer of defendant Brown and the other named John Doe Defendants, the Defendant District is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior.*

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

a.      Compensatory damages in the amount of **ONE HUNDRED TWENTY FOUR THOUSAND ($124,000.00);**

b.      punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)** as to defendant Mills;

c.      and, costs, pre and post-judgment interest and attorney's fees;

d.      such other and further relief as deemed just and appropriate.

### COUNT IV
**(Intentional Infliction of Emotional Distress)**

44.     Plaintiff hereby incorporates, by reference hereto, the preceding paragraphs as if fully set forth herein, and further alleges:

45.     Defendant Brown' actions, were intentional and caused plaintiff an extreme amount of emotional distress, embarrassment and humiliation.

46.     Plaintiff was embarrassed in front of his peers, parent, neighbors and friends by the false arrest and subsequent treatment by defendant Brown.

47.     Plaintiff was caused to suffer extreme emotional anguish, psychological distress and fear when he was transported, to a Metropolitan Police Department Facility with only the Officer who had just physically assaulted and battered him, and caused him physical injuries.

48.     Defendant Brown carried out his actions against Plaintiff with malice and with the intent to place the plaintiff in the most embarrassing and humiliating circumstance they could create. Defendant Mills' actions were deliberate and egregious.

49.     As the employer of defendant Brown and the other named John Doe Defendants, the Defendant District is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior.*

WHEREFORE, based on the foregoing plaintiff demands judgment against the defendants District of Columbia Government and Earl Brown, jointly and severally as follows:

a.      Compensatory damages in the amount of **ONE HUNDRED TWENTY FOUR THOUSAND ($124,000.00);**

b.      punitive damages in the amount of **ONE MILLION DOLLARS ($1,000,000.00)** as to defendant Brown;

c.      and, costs, pre and post-judgment interest and attorney's fees;

d.      such other and further relief as deemed just and appropriate.

**COUNT V**
**(Negligent Supervision***)*

50.     Plaintiff hereby incorporates, by reference hereto, the preceding paragraphs as if fully set forth herein, and further alleges:

51.     Defendants District had a duty to use reasonable care in the supervision of employees, particularly police officers, while acting within the course and scope of their authority as police officers.

52.     Defendant District knew, or should have known, that defendant Brown and the other John Doe Defendants, would likely confront and be in contact with members of the public, such as plaintiff. Plaintiff is a member of the general public and it was foreseeable that he may come in contact with the defendant's employees, to wit, defendant Brown.

53.     Defendants District knew or should have known that defendant Brown had a history of stopping and harassing young citizens without reasonable suspicion and making arrests without probable cause during the course of his duties.

54.     Defendant District's reckless failure to supervise, control or discipline defendant Brown or other named Defendants in the exercise of their police functions, and their failure to enforce the laws of the District of Columbia and the rules and regulations of the Metropolitan Police Department within the police force, is evidence of a reckless disregard for the rights of the

public, including those of plaintiff, and said behavior exhibits a lack of that degree of due care which a prudent and reasonable individual would show in executing the office.

55.    The above allegations demonstrate that the injury to plaintiff was proximately caused by the negligent transfer of unlawful, intentional, violence on the part of defendant Brown and other John Doe Defendants. Under the laws of the District of Columbia, a cause of action in trespass and battery is thereby established to recover damages for the injuries and losses to plaintiff as a result of his injuries.

56.    As a direct and proximate result of defendant District's negligent supervision of their employees, plaintiff was forced to suffer pain and injury, severe mental anguish, humiliation and psychological distress, some of which are permanent in nature.

57.    At all dates, times and locations relative hereto, Defendant Brown and the other John Doe Defendants were employed by the Defendant District and were acting within the course and scope of their employment, and under the color of law.

58.    As the employer of defendant Brown and the other named John Doe Defendants, the Defendant District is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior.*

59.    It was the duty of the defendant District to ensure that their employees exercise due care with citizens, specifically, plaintiff, and to act so as not to falsely arrest, imprison, assault and batter plaintiff. This duty was clearly breached by defendant District.

WHEREFORE, based on the foregoing, plaintiff demands judgment against all defendants, jointly and severally as follows:

Compensatory damages in the amount of **ONE HUNDRED TWENTY FOUR THOUSAND ($124,000.00);**

b.      punitive damages in the amount of **ONE MILLION DOLLARS**

**($1,000,000.00)**;

c.      and, costs, pre and post-judgment interest and attorney's fees;

d.      Such other and further relief as deemed just and appropriate.

**COUNT VI**
**(Negligence)**

60.     Plaintiff hereby incorporates, by reference hereto, the preceding paragraphs as if fully set forth herein, and further alleges.

61.     Defendants owed Plaintiff a duty of care, including the duty to not violate Plaintiff's rights under the Constitution or otherwise violate his rights as a citizen.

62.     Nevertheless each defendant breached their duty of care when plaintiff was detained without reasonable suspicion, falsely arrested, imprisoned, and his Constitutional and civil rights were violated.

63.     Next, the defendants failed to act reasonably and/or to investigate and/or to prevent the matter from occurring and such failure caused plaintiff injury.

64.     As the employer of defendant Brown and the other named John Doe Defendants, the Defendant District is responsible for the intentional acts or omissions of its agents, servants and/or employees under the doctrine of *Respondeat Superior.*

65.     As a direct and proximate result of the action and/or inactions of each defendant, plaintiff suffered extreme emotional distress, embarrassment, humiliation, physical injuries, some of which are permanent in nature, and mental distress, and other losses, without any negligence on the part of the plaintiff contributing thereto.

WHEREFORE, the plaintiff demands the following relief, jointly and severally against all defendants:

      a.      compensatory damages in the amount of **ONE HUNDRED TWENTY FOUR THOUSAND ($124,000.00)**;

      b.      as against defendants Brown punitive damages in the amount of **TWO MILLION DOLLARS ($2,000,000.00)** and

      c.      as against all defendants jointly and severely, costs and attorney's fees as well as pre and post judgment interest, and

      d.      as against all defendants, jointly and severely, that which the Court deems just and proper.

      e.      Attorneys fees and cost; and

      f.      Such other and further relief as this Honorable Court may deem just and appropriate.

## COUNT VII
(Equitable Relief)

66.      Plaintiff hereby incorporates, by reference hereto, preceding paragraphs as if fully set forth herein, and further alleges.

67.      Due to the actions alleged herein, the continued employment of Defendant Brown and other named John Doe Defendant, in any capacity in which he carries any type of weapon, has the power of arrest, or operates under the color of law, presents a clear and present danger to all citizens of the District of Columbia and could result in further illegal use of force and violence by the defendant.

WHEREFORE, the plaintiff demands the following relief, jointly and severally against all defendants:

      a.      A declaratory judgment that the policies, practices and acts complained of herein are illegal and unconstitutional;

b.      a preliminary and permanent injunction preventing the defendant District of Columbia from employing officer Brown, in any capacity in which he would carry a weapon, have the power of arrest, or operate under the color of law;

c.      Compensatory damages against each Defendant, jointly and severely, in the amount of **ONE HUNDRED TWENTY FOUR THOUSAND ($124,000.00)** with Pre and post judgment interest;

d.      Punitive Damages in the amount of One Million Dollars ($1,000,000.00);

e.      Attorneys fees and cost; and

f.      Such other and further relief as this Honorable Court may deem just and appropriate.

Respectfully submitted,


By:     _/s/ *Donna Williams Rucker*_____
Donna Williams Rucker, Esquire (#446713)
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131    Office
(301) 587-1872    Facsimile


## JURY DEMAND

Plaintiff, by and through counsel, hereby demands a trial by jury on all issues set forth herein.


_/s/ *Donna Williams Rucker*_____
Donna Williams Rucker, Esquire

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Arnell Robinson | District of Columbia Government |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Washington DC (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Donna Williams Rucker, Esquire    301-495-3131 DuBoff & Associates, Chartered 8401 Colesville Road, Suite 501 Silver SPring, Maryland 20910 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**● E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
4th and 14th Amendment U.S. Constitution; Sec 1983; Sec 1981; and tort claims for battery, assault, false imprisonment where PI was arrested w/o PC

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ One Million plus  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE October 3, 2007   SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.