IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNELL ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendants. | 2007-CA-01796<br>Hon. Judge Sullivan |

### DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
### TO PLAINTIFF'S COMPLAINT

Defendant District of Columbia (hereinafter "the District"), by and through counsel, responds to the Complaint, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, the District responds in like-numbered paragraphs as follows:

### JURISDICTION AND VENUE

1. The allegations in paragraph 1 are the legal conclusions of the pleader to which no response is required.

2. The District is without sufficient information to either admit or deny the allegations in paragraph 2 of the Complaint.

3. The District admits the allegations in paragraph 3.

4. The District is without sufficient information to either admit or deny the allegations in paragraph 4 of the Complaint. To the extent a response is required, this defendant denies the allegations.

5. The allegations in paragraph 5 are the legal conclusions of the pleader to which no response is required.

## FACTS

6. The District adopts by reference each and every answer in paragraphs 1 through 5, as if fully set forth herein.

7.–8. The District is without sufficient information to either admit or deny the allegations set forth in paragraphs 7 and 8 of the complaint. To the extent a response is required, this defendant denies the allegations.

9. The District admits that on or about October 4, 2006, Defendant Brown stopped the police vehicle and exited it, but denies the remaining allegations in paragraph 9.

10. The District denies the allegations in paragraph 10.

11. The District is without sufficient information to either admit or deny the allegations set forth in paragraph 11.

12.–15. The District denies the allegations in paragraphs 12 through 15.

16.–17. The District is without sufficient information to either admit or deny the allegations set forth in paragraphs 16 and 17. To the extent a response is required, this defendant denies the allegations.

18. The District admits that plaintiff complained of pain and was transported to Children's National Medical Center.

19. The District admits that the plaintiff was transported to Children's National Medical Center, but denies the remaining allegations in paragraph 19.

20.–21. The District is without sufficient information to either admit or deny the allegations set forth in paragraphs 20 and 21. To the extent a response is required, this defendant denies the allegations.

22.–24. The District denies the allegations in paragraphs 22 through 24.

## COUNT I
## Constitutional Violations – 4th, 5th and 14th Amendment

25. The District adopts by reference each and every answer in paragraphs 1 through 25, as if fully set forth herein.

26.–30. The District denies the allegations set forth in paragraphs 26 through 30.

31. The allegations set forth in paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, this defendant denies the allegations.

## COUNT II
## (False Arrest and Imprisonment)

32. The District adopts by reference each and every answer in paragraphs 1 through 31, as if fully set forth herein.

33. The District denies the allegations in paragraph 33 of the Complaint.

34.-35. The District is without sufficient information to either admit or deny the allegations set forth in paragraphs 34 through 35. To the extent a response is required, this defendant denies the allegations.

36. The District admits the allegations in paragraph 36.

37. The allegations set forth in paragraph 37 are legal conclusions to which no response is required. .

## COUNT III
### (Assault and Battery)

38. The District adopts by reference each and every answer in paragraphs 1 through 37, as if fully set forth herein.

39. The District admits that the plaintiff was handcuffed by Defendant Brown, but denies the remaining allegations in paragraph 39.

40.– 42. The District denies the allegations contained in paragraphs 40 through 42.

43. The allegations set forth in paragraph 43 are legal conclusions to which no response is necessary.

## COUNT IV
### (Intentional Infliction of Emotional Distress

44. The District adopts by reference each and every answer in paragraphs 1 through 44, as if fully set forth herein.

45. The allegations set forth in paragraph 45 are legal conclusions to which no response is necessary. To the extent a response is required, this defendant denies the allegations.

46-48. The District denies the allegations set forth in paragraphs 46 through 48.

49. The allegations set forth in paragraph 49 are legal conclusions to which no response is necessary.

## COUNT V
### (Negligent Supervision)

50. The District adopts by reference each and every answer in paragraphs 1 through 50, as if fully set forth herein.

51. The allegations set forth in paragraph 51 are legal conclusions to which no response is required.

52.-53. The District denies the allegations in paragraphs 52 and 53.

4

54.–55.  The allegations set for in paragraphs 54 and 55 are legal conclusions to which no response is required.

56.   The District denies any negligent supervision in this action and denies the remaining allegations in paragraph 56.

57.–59. The allegations contained in paragraphs 57 through 59 are legal conclusion to which no response is required.

## COUNT VI
### (Negligence)

60.   The District adopts by reference each and every answer in paragraphs 1 through 60, as if fully set forth herein.

61.   The allegations set forth in paragraph 61 are legal conclusion to which no response is required.

62.-63.  The District denies the allegations set forth in paragraph 62 and 63.

64.   The allegations set forth in paragraph 64 are legal conclusions to which no response is required.

65.   The District denies the allegations in paragraph 65.

## COUNT VII
### (Equitable Relief)

66.   The District adopts by reference each and every answer in paragraphs 1 through 65, as if fully set forth herein.

67.   The allegations set forth in paragraph 67 are legal conclusions to which no response is required.

   Further answering, this defendant denies all allegations not specifically admitted herein or otherwise responded to.

**THIRD DEFENSE**

Plaintiff's claim may be barred by doctrine of latches or the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiff cannot establish municipality against this defendant because his alleged injuries were not caused by any District custom, policy or practice.   Moreover, the Fourteenth Amendment is not applicable to the District of Columbia.

**FIFTH DEFENSE**

The District, its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

**SIXTH DEFENSE**

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

**SEVENTH DEFENSE**

If the plaintiff was injured and/or damaged as alleged in Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct or contributory negligence.

**EIGHTH DEFENSE**

If the plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from sole or concurring intentional conduct of a person or persons other than the District, it employees, agents, or servants acting within the scope of their employment.

## NINTH DEFENSE

If plaintiff was injuries and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or person other than the District, its employees, agency, or servant acting within the scope of their employment.

## TENTH DEFENSE

Plaintiff may have failed to mitigate damages.

## ELEVENTH DEFENSE

D.C. Official Code § 12-309 may bar plaintiff's claims.

## TWELFTH DEFENSE

Plaintiff is not entitled to equitable relief from this defendant.

## THIRTEENTH DEFENSE

The District intends to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources.  The District expressly reserves its right to assert or amend such defenses as the facts become known.

## Set-Off

The District asserts a set-off for all funds and services provided to the plaintiff, through Medicare, Medicaid, public sources and/or other sources.

## REQUEST AND DEMAND FOR JURY TRIAL

The District, by and through its counsel, respectfully request a jury trial in this matter.

WHEREFORE, the District prays that the Court will dismiss the Complaint and award it the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


    /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

    /s/ Eric S. Glover
ERIC S. GLOVER[1]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9754; (202) 727-6295
Eric.Glover@dc.gov

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.