IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNELL ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA, *et al.,*<br><br>    Defendants. | 2007-CA-01796<br>Judge Sullivan |

## DEFENDANT EARL BROWN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, by and through counsel, moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(e)(2) and 4(m) as the plaintiff has failed to personally serve him with a copy of a summons and complaint within 120 days after the filing of his compliant with the Court.

WHEREFORE, the defendant Officer Earl Brown seeks dismissal of plaintiff's Complaint against him.

                                              Respectfully submitted,

                                              PETER J. NICKLES
                                              Interim Attorney General for the District of
                                              Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General, Civil Litigation Division

                                                  /s/ Patricia A. Jones
                                              PATRICIA A. JONES [428132]
                                              Chief, General Litigation, Section IV

                    /s/ Eric S. Glover
                    ERIC S. GLOVER [978841]
                    Assistant Attorney General
                    441 Fourth Street, N.W. Suite 6N04
                    Washington, D.C. 20001
                    (202) 442-9754; (202) 724-6295

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARNELL ROBINSON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　Defendants. | 2007-CA-01796<br>Judge Sullivan |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In support of his Motion to Dismiss, defendant Earl Brown herein submits his memorandum of points and authorities.

PRELIMINARY STATEMENT

On or about October 3, 2007, plaintiff filed a complaint with the Court claiming that he was stopped, assaulted and subsequently falsely arrested by defendant Earl Brown on October 6, 2006. See Complaint, at ¶¶ 9-10. More specifically, the plaintiff alleges that the defendant grabbed his right arm, twisted it, slammed him against an iron fence and then slammed his arm against the plaintiff's neck and placed him in handcuffs. See Complaint, generally.

As set forth below, plaintiff's failure to serve this defendant in accordance with Fed. R. Civ. P. 4 is mandated by law.

*ARGUMENT*

A.   **Standard for Motion to Dismiss.**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief.  The determination of whether a dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).  A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966.  *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

B.   **Plaintiff Has Failed to Effectuate Proper Service Against Defendant Brown.**

Pursuant to the express language of Fed. R. Civ. P. 4(e)(2), a plaintiff bringing suit against an individual within the United States must personally serve the individual or their agent with a copy of the summons, complaint and initial order.  The language of Rule 4(e)(2) setting forth the elements of proper service on an individual within the United States is unambiguous in its mandate.  According to the statute, service may be effected on an individual within the United States by  "delivering a copy of the summon, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and

4

discretion then residing therein or by delivering a copy of the summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process." Without completion of the steps prescribed by Rule 4(e)(2), process has not been effected.

It is clear that plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2). Leaving a summons and complaint at a party's home is insufficient to effectuate service. This defendant was not served personally, nor was an authorized agent of the defendant served. See attached affidavit.[1] It is well settled that service upon anyone other than an authorized designee does not constitute valid service. *See Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004). Plaintiff's failure to personally serve defendant Brown requires dismissal of this action against this defendant.

C. **Plaintiff's Failure to Effectuate Timely Service Against Defendant Brown Requires Dismissal of this Court Action.**

Pursuant to the express language of Fed. R. Civ. P. 4(m), a plaintiff bringing suit against an individual **must** serve said individual within 120 days after the filing complaint with the court. (Emphasis added.) In the instant matter, the plaintiff filed his complaint with the Court on October 3, 2007, which would have required him to serve this defendant on or before January 31, 2008.

---

[1] *See Bernay v. Sales,* 435 A.2d 398 (1981), in which the Court held that "the material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b) 6) motion into a motion for summary judgment. First, although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers*, 118 U.S.App.D.C. 333, 335, 335 F.2d 996, 998 (1964); *Sardo v. McGrath*, 90 U.S.App.D.C. 195, 197-98, 196 F.2d 20, 22-23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super. Ct. Civ. R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment. *See Nix v. Fulton Lodge No. 2, Int'l Ass'n of Machinists,* 452 F.2d 794, 798, n. 3 (5th Cir. 1971), *cert. denied*, 406 U.S. 946, 92 S. Ct. 2044 (1972)"

Plaintiff failed to serve this defendant prior to the expiration of the 120 day time limit for service, and failed to seek leave of Court to extend the time period for service. See as Affidavit, at Exhibit #1.  See also, plaintiff's purported proof of service at Docket Entry #15, Exhibit 2, in which the process server claims to have served this defendant on March 5, 2008, well after the 120 days time period mandated by Rule 4.[2]  Thus, as the plaintiff has failed to serve defendant Brown with a copy of the summons and complaint in this action within 120 days of the filing of his Complaint, i.e. by January 31, 2008, dismissal of this action is mandated.  *See Briggs v. State Dep't Fed Credit Union*, 2006 U.S. Dist. LEXIS 33406, 13-17 (D.D.C. 2006).

WHEREFORE, defendant Brown asks this Court to grant his motion, and dismiss this lawsuit against him.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

  /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

  /s/ Eric S. Glover
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295

---

[2] This defendant was not properly served with any summons and complaint in this action.  Instead, paperwork was left in between his door, contrary to the requirements of Rule 4.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARNELL ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.,*<br><br>    Defendants. | 2007-CA-01796<br>Hon. Judge Sullivan |

## **ORDER**

Upon consideration of the defendant Earl Brown's Motion to Dismiss, plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of _____, 2008,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the defendant's motion; and it is

FURTHER ORDERED:    that plaintiff's Complaint be DISMISSED against defendant Earl Brown.

_____
JUDGE EMMET G. SULLIVAN
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARNELL ROBINSON,

    Plaintiff,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

2007-CA-01796
Hon. Judge Sullivan

### AFFIDAVIT OF POLICE OFFICER EARL BROWN

I, Earl Brown, hereby swear and affirm the following:

1. That I am an adult over eighteen years of age, and am competent to provide the information herein.

2. I am a defendant in the matter of *Arnell Robinson v. District of Columbia, et al.*, Civil Action No.: 07-01796.

3. I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
Earl Brown

SWORN AND SUBSCRIBED before a Notary Public, this __17th__ day of March, 2008.

_____
Notary Public, D.C.

My Commission Expires: 2/28/09