## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARNELL ROBINSON** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Case No.:  2007-CA-01796** |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **GOVERNMENT, et al.** | : | |
| | : | |
| **Defendants.** | : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT EARL BROWN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW plaintiff, Arnell Robinson, by and through counsel, DuBOFF & ASSOCIATES, CHARTERED and Donna Williams Rucker, Esquire and in accordance with the Federal Rules of Civil Procedure and Fed. R. Civ. P. Rule 4(m) files this Opposition to Defendant Earl Brown's Motion to Dismiss Plaintiff's Complaint and further states as follows:

1.     Plaintiff filed suit in the above captioned action on or about October 3, 2007 and summonses were issued on the named Defendants.

2.     Plaintiff has clearly stated several causes of action against Officer Brown and Defendant Brown is not entitled to a Dismissal of Plaintiff's Complaint for failure to state a claim. (See generally Plaintiff's Complaint).

3.     Plaintiff served the District of Columbia by and through the designated individuals in the Office of the Mayor of the District of Columbia and the Office of the Attorney General and Defendant District of Columbia has filed an answer. (See generally Defendant District of Columbia's Answer).

4.     Plaintiff repeatedly attempted service upon Officer Brown at his place of employment but was repeatedly told that Officer Brown did not work in that division and he was

not known.

5.     Plaintiff's process server was then engaged to conduct a search for Officer Brown's home address; this search took a significant amount of time as Officer Earl Brown has an unusually common name.

6.     Plaintiff was diligently seeking to find and serve Defendant Brown continually until he was served.

7.     On March 5, 2008, a copy of the Summons and Complaint were personally served upon Defendant Officer Earl Brown by Plaintiff's process server, Mr. Michael Clark, as evidenced by the Return of Service/Declaration of Server previously filed with this Court. (Exhibit 1)

8.     Plaintiff has filed a Motion for Extension of Time, N*unc Pro Tunc*, to Serve Defendant Brown and would incorporate the facts, law, and arguments contained therein as if they were fully set forth herein. (See generally the Motion for Extension of Time).

9.     Plaintiff incorporates herein the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant Earl Brown's Motion to Dismiss.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court Deny Defendant Earl Brown's Motion to Dismiss Plaintiff's Complaint, grant Plaintiff's Motion for Extension of Time, *Nunc Pro Tunc*, to Serve Defendant Brown, and for such other and further relief as this Court deems just, necessary and appropriate.

Respectfully submitted,

By:     __/s/ *Donna Williams Rucker*_____
Donna Williams Rucker, Esquire (#446713)
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131     Office

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ARNELL ROBINSON** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Case No.: 2007-CA-01796** |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **GOVERNMENT, et al.** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PLAINTIFF'S OPPOSITION TO DEFENDANT EARL BROWN'S MOTION TO**
**DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, Arnell Robinson, by and through counsel, DUBOFF &
ASSOCIATES, CHARTERED and Donna Williams Rucker, Esquire and in accordance with the
Federal Rules of Civil Procedure Rule 6(b)(2) Rule 4(m) files this Memorandum of Points and
Authorities in Support of Plaintiff's Opposition to Defendant Earl Brown's Motion to Dismiss
Plaintiff's Complaint and further states as follows:

I.     FACTS

Plaintiff filed the above captioned action on or about October 3, 2007 alleging that he had
been detained, assaulted, battered, falsely arrested, had his constitutional rights violated, and was
subjected to emotional distress by and through the actions of Officer Earl Brown, the District of
Columbia, and the other John Doe Defendants.  Please see the allegations contained within the
Plaintiff's Complaint for Damages and Equitable Relief.

On, or about, October 4th, 2006, the plaintiff was walking home from school and was
proceeding on the 400 Block of O Street NW in Washington DC between 5th Street and 4th or 6th
Street.  Plaintiff observed a marked Metropolitan Police approach the intersection near where he

was walking.  The Officer, later identified as Defendant Brown, stopped his police cruiser and

exited the vehicle and began to verbally harass the Plaintiff.  Defendant Brown then forcefully

grabbed the Plaintiff's right arm twisted it behind the Plaintiff, threw the Plaintiff, face first, into

an iron fence and then Officer Brown slammed his arm across the Plaintiff's neck.

Plaintiff had been shot, by accident, in the face/neck in July of 2006 and the bullet was

left inside his neck.  The injury Plaintiff suffered in July of 2006 affected his ability to hear in his

right ear and has also caused other physical manifestations such that he is not able to yell,

scream, or speak in a loud voice.

Defendant Officer Brown was made aware, by others on the scene, of Plaintiff's injuries

and Defendant Officer Brown continued to forcibly hold the Plaintiff against an iron fence with

an arm across the Plaintiff's neck and stated "I don't give a fuck he is going to jail".

## II.    <u>ARGUMENT</u>

### <u>Defendant Earl Brown is Not Entitled to a Dismissal of  Plaintiff's Complaint as Plaintiff has Clearly Stated Several Causes of Action Against Defendant Earl Brown</u>

When considering a Motion to Dismiss for failure to state a claim pursuant to Fed. R.

Civ. P. 12(b)(6) the Court accepts as true all of the complaint's factual allegations *Hishon v.

King & Spaulding*, 467 U.S. 69, 73 (1984).  Plaintiff is entitled to "the benefit of all inferences

that can be derived from the facts alleged" *Kowal v. MCI Communications Corp.,* 16 F.3d 1271,

1276 (D.C. Cir. 1994).

"The allegations in the complaint must be taken as true and construed in the light most

favorable to the plaintiff and, if these allegations are sufficient, the case must not be dismissed

even if the court doubts that the plaintiff will ultimately prevail."  *Wallace,* 1998 D.C. App.

LEXIS 9, at *9; *McBryde v. Amoco Oil Co.,* 4040 A.2d 200, 203 (D.C. 1979).   In addition, all

ambiguities must be resolved in plaintiff's favor. *See Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith v. Beards,* 680 A.2d 419, 430 (D.C. 1996). Given these considerations, "unless it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," a pleading should not be dismissed. *Id*.

While Defendant Officer Brown refers the Court, in Section A on page four of his Motion, to the Standard of a Motion to Dismiss based on Fed. R. Civ. P. 12(b)(6) which is failure to state a claim upon which relief can be granted. The remainder of Defendant Brown's motion is based entirely upon allegations of failure to effectuate proper and/or timely service. It is Plaintiff's contention that the Defendant's recitation of the law regarding Fed. R. Civ. P 12(b)(6) is not applicable to the instant motion and as such should be disregarded by this Honorable Court and Defendant's motion should be denied.

Despite the inapplicability of 12(b)(6) Plaintiff would state that he has clearly articulated several causes of action directly attributable to the actions of Officer Earl Brown. Plaintiff has clearly alleged in his Complaint that Officer Brown stopped his police cruiser, exited the vehicle, verbally harassed the Plaintiff, forcefully grabbed the Plaintiff's right arm twisted it behind him and threw the Plaintiff, face first, into an iron fence and then Officer Brown slammed his arm across the Plaintiff's neck. Despite being told by onlookers that Plaintiff had been shot in the past and that a bullet was left inside his neck Officer Brown stated "I don't give a fuck he is going to jail" all the while holding the Plaintiff against an iron fence with an arm across the Plaintiff's neck. Plaintiff has alleged in his Complaint counts including Constitutional violations, false arrest and imprisonment, assault and battery, intentional infliction of emotional distress, and negligence against Defendant Brown in sufficient detail to defeat a motion to dismiss based on a failure to state a claim upon which relief can be granted.

Defendant's motion to dismiss, if in fact it is based on failure to state a claim upon which relief can be granted, should be denied as Defendant has put forth no argument to support such a contention.

## The Failure to Serve Defendant Brown Within 120 days Was Due to Excusable Neglect

Rule 6(b)(2) of the Federal Rules of Civil Procedure provides that if the request for enlargement is made after the time period expires, the district court may grant the post-expiration enlargement if:  (1) cause is shown; and (2) the failure to act was the result of excusable neglect.

In this case, the defendant will not be prejudiced if additional time is given to effect service, *nunc pro tunc,* on defendant Brown.  Plaintiff has proceeded in good faith in this matter and he diligently pursued this case.  The failure to request an extension of time to serve Defendant Brown was due to excusable neglect.  As stated above, plaintiff hired a private process server to serve defendant Brown and incurred additional cost to pay for the process server to locate Defendant Brown by name and obtain his home address.  In the process, the time for service expired.  The failure to timely serve defendant Brown resulted from excusable neglect in that plaintiff's counsel was working diligently to get the information necessary to serve defendant Brown.

The process server in this matter went to the station where defendant Brown worked but met with repeated opposition.  He was told that defendant Brown did not work there, and at other times that no such person was known.  The process server returned many different times trying to appear for different shifts.  When the process server called and stated that he was convinced that the officer was avoiding him and that he was not getting any help from the people at the station, he suggested that he try a search to locate defendant Brown by name to obtain his home address.  The process server reported that because the name was common he was checking out

several leads.  Finally, the process server reported that he located an offensive and disgruntled defendant Brown who was in his front yard when he was personally served.

The Initial Scheduling Conference has not yet been scheduled in this matter, and as such, discovery has not yet begun.  An enlargement of time for the service of the summons, *nunc pro tunc,* on defendant Brown will not have an impact on the course of the judicial proceedings. Plaintiff has not sought prior extensions in this matter.

Good cause having been shown, pursuant to Rule 6(b)(2) and 4(m) Plaintiff's request for an enlargement of time to serve Defendant Brown with the summons and complaint should be granted n*unc pro tunc*.

### Defendant Brown was personally served with the Summons and Complaint

Plaintiff repeatedly attempted service upon Officer Brown at his place of employment, The Metropolitan Police Department of the District of Columbia, but was repeatedly told that Officer Brown did not work in that division and that he was not known there.  Plaintiff's process server was then engaged to conduct a search for Officer Brown's home address by using his name; this search took more than the usual amount of time as Officer Earl Brown has an unusually common name.

A copy of the Summons and Complaint were personally served upon Defendant Officer Earl Brown by Plaintiff's process server, Mr. Michael Clark, as evidenced by the Return of Service/Declaration of Server previously filed with this Court.  (Exhibit 1).  The Summons and Complaint were not left at Officer Brown's home they were personally handed to him by Plaintiff's process server.

7

As the Plaintiff properly served Defendant Officer Earl Brown, according to Fed. R. Civ. P. 4(e)(2), Defendant's Motion to dismiss for failure to properly serve the Defendant should be denied.

### Plaintiff has filed a Motion for Extension of Time, *Nunc Pro Tunc*, to Serve Defendant Brown

As previously stated the Plaintiff was unable to effectuate service upon Officer Brown at his known place of employment and Plaintiff hired his process server to conduct a search for Officer Brown's home address wherein the search took a long time as Officer Brown has a common name.  In the press of matters the summons for Officer Brown was not re-issued as would be the normal practice in Plaintiff's counsel's office.

Fed. R. Civ. P. Rule 4(m) provides "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Plaintiff has filed a Motion for Extension of Time, N*unc Pro Tunc*, to Serve Defendant Brown and would incorporate the facts, law, and arguments contained therein as if they were fully set forth herein. (See generally the Motion for Extension of Time).

As previously stated Plaintiff attempted repeatedly to serve Defendant Brown at his known place of employment and was stymied, therefore the Plaintiff was required to hire his process server to perform a search to locate Officer Brown's home address.  As the search took longer than normal due to the commonality of the name of Earl Brown the service was not

effectuated within the 120 days and Plaintiff due to the press of other matters did not file a Motion with the Court to extend the time to serve Officer Brown.  Plaintiff has committed no fraud upon the Court or the Defendant's in the above-captioned matter, it was simply an inadvertent oversight that the required motion was not filed with this Honorable Court prior to the personal service upon Officer Brown.

III.    **<u>CONCLUSION</u>**

Plaintiff has filed a Motion for Extension of Time, *Nunc Pro Tunc*, to Serve Defendant Officer Earl Brown.  Plaintiff requests that this Honorable Court let the service upon Officer Brown stand as he is now aware of the claims against him and he is not at any disadvantage to the other parties as discovery as yet to occur or to grant Plaintiff's Motion for Extension of Time, *Nunc Pro Tunc*, to Serve Officer Earl Brown.

WHEREFORE, based upon the foregoing, and in the interest of justice, Plaintiff respectfully requests this Honorable Court to Deny Defendant Earl Brown's Motion to Dismiss Plaintiff's Complaint, grant Plaintiff's Motion for Extension of Time, *Nunc Pro Tunc*, to Serve

Defendant Brown, and grant such other and further relief as deemed just and proper.

Respectfully submitted,

By:    _/s/ *Donna Williams Rucker*_____
Donna Williams Rucker, Esquire (#446713)
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131    Office
(301) 587-1872    Facsimile

## CERTIFICATE REGARDING SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendant Earl Brown's Motion to Dismiss Plaintiff's Complaint was served via this Court's ECF Service this 4th day of April, 2008, to: **Eric S. Glover, Esquire** – Assistant Attorney General – 441 Fourth Street, N.W., Suite 6N04, Washington, D.C. 20001.

_/s/ *Donna Williams Rucker*_____
Donna Williams Rucker, Esquire

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE  3-5-08 |
| NAME OF SERVER *(PRINT)*  Michael Clark | TITLE  Process Serviver |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant. Place where served:  8110 Knightsbridge St.  White Plains
MD 20695 / Charles County

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:  Earl E. Brown

G  Returned unexecuted:

G  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  3-5-08
            Date

            _Michael Clark_
            Signature of Server

            P.O. Box 68  Lanham MD 20703
            Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ARNELL ROBINSON** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | Case No.: __2007-CA-01796__ |
| | : | |
| **DISTRICT OF COLUMBIA** | : | |
| **GOVERNMENT, et al.** | : | |
| | : | |
| _____**Defendants.**_____ | : | |

<u>**ORDER**</u>

UPON CONSIDERATION of Defendant Earl Brown's Motion to Dismiss Plaintiff's

Complaint, the Plaintiff's Opposition thereto, the information contained therein, and the record

herein it is this _____ day of _____, 2008.

**ORDERED**, that the Defendant's Motion to Dismiss Plaintiff's Complaint be and hereby

is **DENIED**.

**SO ORDERED.**

_____
Judge Sullivan

Copies to:

**Donna Williams Rucker, Esquire**
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
VIA ELECTRONIC SERVICE

**Eric S. Glover, Esquire** – Assistant Attorney General
441 Fourth Street, N.W., Suite 6N04
Washington, D.C. 20001
VIA ELECTRONIC SERVICE