### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNELL ROBINSON, | |
| Plaintiff, | |
| | 2007-CA-01796 |
| v. | Hon. Judge Sullivan |
| DISTRICT OF COLUMBIA, *et al.,* | |
| Defendants. | |

### DEFENDANT POLICE OFFICER EARL BROWN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Officer Earl Brown, by and through counsel, moves to dismiss

plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) because  plaintiff has failed to

personally serve him with a copy of a summons and complaint in this action in

accordance with Fed. R. Civ. P. 4(e).

WHEREFORE, defendant Officer Earl Brown seeks dismissal of plaintiff's

Complaint against him.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE VALENTINE
Deputy Attorney General, Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

      /s/ Eric S. Glover
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ARNELL ROBINSON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.,*

    Defendants.

2007-CA-01796
Hon. Judge Sullivan

## DEFENDANT OFFICER EARL BROWN'S  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In support of his Motion to Dismiss, defendant Officer Earl Brown (hereinafter

"defendant Brown") herein submits his memorandum of points and authorities.

PRELIMINARY STATEMENT

On or about October 3, 2007, plaintiff filed a complaint with the Court claiming

that he was stopped, assaulted and subsequently falsely arrested by defendant Officer

Earl Brown on October 6, 2006.  See Complaint, at ¶¶ 9-10.  More specifically, the

plaintiff alleges that the defendant grabbed his right arm, twisted it, slammed him against

an iron fence and then slammed his arm against the plaintiff's neck and placed him in

handcuffs. See Complaint, generally.

As set forth below, dismissal of this action against defendant Brown is mandated

by law because plaintiff has failed to effect service in accordance with Fed. R. Civ. P.

4(e).

3

ARGUMENT

A.    **Standard for Motion to Dismiss.**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party

has failed to set forth a claim for which he/she is entitled to relief.  The determination of

whether a dismissal is proper must be made on the face of the pleadings alone.  *See*

*Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir.

1985).  A plaintiff is required to plead enough facts to state a claim for relief that is

plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65.  "When the allegations in a

complaint, however true, could not raise a claim of entitlement to relief, this basic

deficiency should be exposed at the point of minimum expenditure of time and money by

the parties and the court."  *Id.* at 1966.

B.    **Plaintiff Has Failed to Effectuate Proper Service Against Defendant Brown.**

Pursuant to the express language of Fed. R. Civ. P. 4(e)(2), a plaintiff bringing

suit against an individual within the United States must personally serve the individual or

their agent with a copy of the summons, complaint and initial order.  The language of

Rule 4(e)(2) setting forth the elements of proper service on an individual within the

United States is unambiguous in its mandate.  According to the statute, service may be

effected on an individual within the United States by  "delivering a copy of the summon,

complaint and initial order to the individual personally or by leaving copies thereof at the

individual's dwelling house or usual place of abode with some person of suitable age and

discretion then residing therein or by delivering a copy of the summon, complaint and

initial order to an agent authorized by appointment or by law to receive service of

process." Without completion of the steps prescribed by Rule 4(e)(2), process has not

been effected.

On June 13, 2008, the plaintiff filed a Return of Service/Affidavit of

Summons and Complaint with the Court indicating that he served defendant Brown with

a copy of his summons and complaint in this action on June 7, 2008. However,

defendant Brown was not personally served, nor did he authorize anyone to accept

service on his behalf. See Brown Affidavit, dated June 9, 2008, hereto attached as

Exhibit 1. Instead, a copy of the summons and complaint was left on the door of the

house.

Thus, it is clear that plaintiff has not met the mandatory service provisions set forth

in Rule 4(e)(2). Defendant Brown was not served personally, nor was an authorized

agent of the defendant served. See attached affidavit.[1]  It is well settled that service upon

anyone other than an authorized designee does not constitute valid service. *See Eldridge*

*v. District of Columbia*, 866 A.2d 786 (D.C. 2004). Plaintiff's failure to serve defendant

Brown requires dismissal of this action against this defendant.

---

[1] *See Bernay v. Sales,*  435 A.2d 398 (1981), in which the Court held that "the material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b) 6) motion into a motion for summary judgment. First, although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers*, 118 U.S.App.D.C. 333, 335, 335 F.2d 996, 998 (1964); *Sardo v. McGrath*, 90 U.S.App.D.C. 195, 197-98, 196 F.2d 20, 22-23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super. Ct. Civ. R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment. *See Nix v. Fulton Lodge No. 2, Int'l Ass'n of Machinists,* 452 F.2d 794, 798, n. 3 (5th Cir. 1971), *cert. denied*, 406 U.S. 946, 92 S. Ct. 2044 (1972)"

WHEREFORE, defendant Brown asks this Court to grant his motion, and dismiss

this lawsuit against him.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/ Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARNELL ROBINSON, | |
| Plaintiff, | |
| v. | 2007-CA-01796<br>Hon. Judge Sullivan |
| DISTRICT OF COLUMBIA, *et al.,* | |
| Defendants. | |

**ORDER**

Upon consideration of the defendant Officer Earl Brown's Motion to Dismiss,

plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day

of _____, 2008,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the

defendant's motion; and it is

FURTHER ORDERED:    that plaintiff's Complaint be DISMISSED against

defendant Officer Earl Brown.

_____
JUDGE EMMET G. SULLIVAN
UNITED STATES DISTRICT COURT


cc:    Ms. Donna Williams Rucker, Esq.
       DuBOFF, & ASSOCIATES. CHARTERED
       8401 Colesville Road, Suite 501
       Silver Spring, MD 20910

       Eric S. Glover
       Assistant Attorney Counsel
       441 Fourth Street, N.W. Suite 6N04
       Washington, D.C. 20001

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

ARNELL ROBINSON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

2007-CA-01796
Hon. Judge Sullivan

### AFFIDAVIT OF POLICE OFFICER EARL BROWN

I, Police Officer Earl Brown, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Arnell Robinson v. District of Columbia, et al.*, Civil Action No.: 07-01796.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
Police Officer Earl Brown

SWORN AND SUBSCRIBED before a Notary Public, this 9th day of June, 2008.

_____
Notary Public, D.C.

My Commission Expires: Apr. 31, 2009